IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| PATRICK GOODWIN, | ) | CASE NO. 5:19-CV-00888-JZ |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN TIM BUCHANAN, | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |

**I.     Introduction**

Petitioner, Patrick Goodwin, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Goodwin is an Ohio inmate currently serving a twenty-five-year sentence for importuning, rape, and gross sexual imposition. Goodwin asserts one ground for relief. (ECF No. 1). This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Goodwin's petition and other case-dispositive motions. Because Goodwin's claim is partially not cognizable and partially procedurally defaulted, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

**II.    Relevant State Procedural History**

   **A.    Indictment**

On June 25, 2015, Goodwin was indicted for:

> Five counts of Importuning in violation of Ohio Rev. Code §§ 2907.07(A), 2907.07(F)(1)(2), a third-degree felony
>
> Five counts of Rape in violation of Ohio Rev. Code §§ 2907.02(A)(1)(b), 2907.02(B), 2971.03, a first-degree felony
>
> Five counts of Gross Sexual Imposition in violation of Ohio Rev. Code §§ 2907.05(A)(4), 2907.05(C)(2), a third-degree felony

(ECF No. 6-1, PageID #: 53–67).

### B. Guilty Plea and Motion to Withdraw the Guilty Plea

On September 6, 2016, Goodwin pled guilty to two amended counts of rape and three counts of gross sexual imposition. (ECF No. 6-1, PageID #: 72–73). All other charges were dismissed. (ECF No 6-1, PageID #: 77). The Court accepted the plea. (ECF No. 6-1, PageID #: 77–78). On September 9, 2016, before sentencing, Goodwin made a pro se motion to withdraw his guilty plea. (ECF No. 6-3, PageID #: 201–02). He stated that he felt he needed to take the case to trial "to find out the truth." (ECF No. 6-3, PageID #: 203). The court denied the motion. (ECF No. 6-3, PageID #: 208). The court then sentenced Goodwin to a total of twenty-five years in prison and five years of post-release control. (ECF No. 6-1, PageID #: 82–83). The court also determined that Goodwin is a Tier III sex offender, requiring him to do in person verification every 90 days for the rest of his life. (ECF No. 6-3, PageID #: 218–19).

### C. Direct Appeal

On November 4, 2017, Goodwin filed a pro se notice of appeal and delayed appeal. (ECF No. 6-1, PageID #: 92, 97). The Eleventh Judicial District Court of Appeal of Ohio granted the the motion for delayed appeal and appointed Goodwin counsel. (ECF No. 6-1, PageID #: 105). Through counsel, Goodwin raised the following assignments of error:

> 1. Did the trial court err and commit plain reversible error when it denied Mr. Goodwin's *Pro Se* pre-sentence Motion to Withdraw Guilty Plea?

> 2. Did the trial court abuse its discretion and deny Mr. Goodwin due process when it forced Mr. Goodwin to represent himself in his brief hearing regarding his *Pro Se* request to withdraw his guilty pleas?

(ECF No. 6-1, PageID #: 112). On October 29, 2018, the Eleventh District Court of Appeals of Ohio affirmed Goodwin's convictions and sentence. *Ohio v. Goodwin*, NO. 2017-P-0082, 2018 WL 5435350 (Ohio Ct. App. Oct. 29, 2018); (ECF No. 6-1, PageID #: 157).

### D. Appeal to Ohio Supreme Court

On December 13, 2018, Goodwin timely filed a notice of appeal in the Ohio Supreme Court. (ECF No. 6-1, PageID #: 158–59). Goodwin's memorandum in support of jurisdiction raised the following proposition of law:

> Goodwin's plea was not a knowing, intelligent, and voluntary decision in violation of his right to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution

(ECF No. 6-1, PageID #: 161). On February 20, 2019, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 6-1, PageID #: 179).

### III. Federal Habeas Corpus Proceedings

On April 19, 2019, Goodwin petitioned pro se that this Court issue a writ of habeas corpus. (ECF No. 1). Goodwin asserted one ground for relief:

> **Ground One:** The trial court committed reversible and plain error in denying Patrick Goodwin's *Pro Se* pre-sentence Motion to Withdraw Guilty Plea, affording him his right to a trial, in violation of his Sixth Amendment, when it determined that "[Goodwin] failed to give a legitimate reason" why he wanted to withdraw his guilty plea
> **Supporting Facts:** I. The record is clear that Goodwin's reason for wanting to withdraw his guilty plea was *not* unreasonable. When the trial court examined Goodwin as to why he wanted withdraw his guilty plea, he stated that: "I—I feel that I need to do

> this and take it to the trial to find out the truth." See *State v. Goodwin*, 2018-Ohio-4377 at 6-7. This response should have caused the trial court to stop *any* further questioning, and immediately allowed Goodwin to withdraw his pre-sentence plea of guilty, affording him his right to a trial. Failure to do so, involved a corruption of the "the truth" seeking process, and created a serious "miscarriage of justice."
>
> II. Goodwin's counsel was ineffective

(ECF No. 1).

## IV. Legal Standard

### A. Jurisdiction

District courts may entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Portage County Court of Common Pleas sentenced Goodwin, and Portage County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Goodwin's § 2254 petition.

### B. Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted).

### C. AEDPA Standard of Review

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily

intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.* (citations omitted).

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*,

558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. at 102 (citations omitted). "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

**V.     Discussion**

Goodwin argues that the trial court violated his Sixth Amendment rights when it denied his motion to withdraw his guilty plea. Goodwin states that his reason for wanting to withdraw his guilty plea—wanting to go to trial to find out the truth—was not unreasonable and the trial court's denial of his motion resulted in a fundamental miscarriage of justice. Respondent asserts that this claim is not cognizable in federal habeas court. The Court agrees. "There is no federal due process right to seek a withdrawal of a guilty plea." *Perry v. Lazaroff*, No. 1:16CV225, 2016 U.S. Dist. LEXIS 185691, at *23 (N.D. Ohio Nov. 4, 2016) (collecting cases). "[I]n the absence of a

constitutional violation in the taking of the plea, a trial court's abuse of discretion in denying a subsequent motion to withdraw the plea does not trigger constitutional concerns." *Weaver v. Moore*, No. 1:06-CV-00557, 2008 WL 697705, at * 12 (S.D. Ohio Mar. 12, 2008). As Goodwin does not state that his guilty plea was taken in violation of his constitutional rights, his claim is not cognizable in this court.[1]

Within his first ground for relief, Goodwin also states that his trial counsel was ineffective for allowing him to take the stand on his motion for guilty plea and for allowing the trial court to advise Goodwin that his attorney worked hard, got a great deal for him, and Goodwin was lucky to have him. The Court concludes that Goodwin did not exhaust this argument in state court. While Goodwin embedded an ineffective assistance of counsel claim in his state appellate court brief, it was on a different theory. There, Goodwin argued that the trial judge abused its discretion in denying his motion to withdraw his guilty plea because he was forced to represent himself. (ECF No. 6-1, PageID #: 115). Here, Goodwin makes a *Strickland* claim based on his counsel's performance at the hearing. "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted). Goodwin's claim was not presented under the same theory to the state court. He, therefore, did not exhaust this claim in state court. Because

---

[1] While Goodwin states that his Sixth Amendment rights were violated, he does not explain how. At most he states that his right to trial was violated but does not state that his guilty plea was taken in violation of his constitutional rights. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 996–97 (6th Cir. 1997) (alterations in original) (citations omitted). Moreover, at his hearing for withdrawal, Goodwin conceded that there was nothing unconstitutional about his guilty plea.

Goodwin can no longer bring this argument to state court, his argument is procedurally defaulted.[2] *See Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) ("When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999))). "A federal habeas court need not review a procedurally defaulted claim unless the petitioner can show either cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider the claim would result in a 'fundamental miscarriage of justice[.]'" *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991)). Goodwin does not argue that he meets one of these exceptions. Accordingly, Goodwin's ineffective assistance of counsel argument is procedurally defaulted.

## VI.    Certificate of Appealability

### A.    Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of

---

[2] Ohio App. R. 4(A)(1) gives 30 days to appeal from a final order. Ohio Rev. Code. § 2953.21(A)(2) allows 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment to petition for postconviction relief. Both of these dates have passed in this case.

appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Goodwin's ground for relief is partially not cognizable and partially procedurally defaulted. If the Court accepts the foregoing recommendation, then Goodwin has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue Goodwin a certificate of appealability.

## VII. Recommendation

Goodwin has presented only not cognizable or procedurally defaulted claims. Thus, I recommend that the Court DENY Goodwin's petition and not grant him a certificate of appealability.

Dated: January 10, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).