IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Patrick Goodwin, | Case No. 5:19 CV 888 |
| Petitioner, | ORDER ADOPTING CONCLUSIONS |
| -vs- | OF REPORT & RECOMMENDATION |
| Warden Tim Buchanan, | JUDGE JACK ZOUHARY |
| Respondent. | |

### INTRODUCTION

Petitioner Patrick Goodwin pled guilty in Ohio state court to two counts of Rape and three counts of Gross Sexual Imposition on a minor victim less than 13 years of age (Doc. 1 at 2). Goodwin filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 (*id.*). Magistrate Judge Henderson issued a Report and Recommendation ("R&R"), concluding the Petition should be denied without granting a certificate of appealability (Doc. 9). Goodwin Objects (Doc. 12).

### BACKGROUND

The R&R sets forth the procedural history (Doc. 9 at 1–4). In September 2016, Goodwin pled guilty and the state court accepted his plea (Doc. 9 at 2). Before sentencing, Goodwin made an oral *pro se* motion to withdraw his guilty plea (*id.*). The court denied the request and Goodwin was sentenced to twenty-five years imprisonment (*id.*).

Goodwin appealed, alleging the trial court erred in denying his pre-sentence motion to withdraw his guilty plea, and abused its discretion by not providing him new counsel to assist with the motion (*id.*). The appellate court affirmed Goodwin's convictions (*id.* at 3). Next, Goodwin appealed to the Ohio Supreme Court, alleging his "plea was not a knowing, intelligent, and voluntary

decision in in violation of his right to due process" in violation of federal and state constitutional rights (*id.*). The Ohio Supreme Court declined review (*id.*).

Goodwin now petitions this Court, alleging the trial court's denial of his motion to withdraw his guilty plea violated his Sixth Amendment right to trial. Goodwin makes two arguments: (1) his reason for wanting to withdraw his plea was not unreasonable, and (2) his trial counsel was ineffective (*id.* at 3–4). The R&R concluded the grounds for relief were not cognizable and procedurally defaulted (*id.* at 10).

### DISCUSSION

***Withdraw of Plea***

State prisoners may challenge their custody "only on the ground that [they are] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Whether the trial court erred in denying a petitioner's motion to withdraw a guilty plea is a question of state law, and therefore not a cognizable ground for habeas relief. *Alt v. Eppinger*, 2015 WL 3489867, at *8 (N.D. Ohio 2015); *Jones v. Sheldon*, 2014 WL 1493137, at *3 (N.D. Ohio 2014); *Cline v. Kelly*, 2010 WL 1006529, at *5 (N.D. Ohio 2010). However, if the state court ruling was so fundamentally unfair so as to violate due process, habeas relief may be available. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000); *Montana v. Egellhoff*, 518 U.S. 37, 43 (1996).

"[W]hether a state trial court's denial of a motion to withdraw a guilty plea implicates constitutional concerns turns on whether the plea, which the petitioner sought to withdraw, was [entered] knowingly and voluntary" *Perry v. Lazaroff*, 2016 WL 8674485, at *10 (N.D. Ohio 2016) (citing *Salter v. Tambi*, 2006 WL 2360924, at *7 (N.D. Ohio 2006)). A state court finding that a guilty plea was made voluntarily is afforded a presumption of correctness. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

2

Here, Goodwin claims his reasons for withdrawing his guilty plea were not unreasonable -- he wanted to "find out the truth" (Doc. 1 at 5). But Goodwin makes no claim that his guilty plea was involuntary. His reasons do not trigger a constitutional violation. Establishing "a factual basis for a guilty plea is a creature of rule, not the federal Constitution." *Person v. Gray*, 2020 WL 8771415, at *8 (N.D. Ohio 2020) (citation omitted). State courts are not constitutionally required to establish a factual basis for a voluntary and intelligent plea. *Id.* at *8. Further, "[t]here is no constitutional bar to accepting a guilty plea in the face of an assertion of innocence, so long as a defendant voluntarily, knowingly, and understandingly consents to be sentenced on a charge." *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). If no constitutional violation occurred, imprisonment is proper. *Id.* at 1383. "That [a defendant's] conviction may have been the result of . . . plea bargaining and that he did not expressly admit his guilt are factors that do not invalidate his plea." *Santobello v. New York*, 404 U.S. 257 (1971).

During his oral motion to withdraw, Goodwin conceded his plea was knowing and voluntary (Doc. 1 at *4):

> [TRIAL] COURT: Okay. At this time, I'm going to deny the Defendant's Motion to Vacate Plea. The Defendant was apprised of his rights. We were set for a jury trial. This has been set many times for a jury trial and we were set for Wednesday morning. I would have allowed you to go forward on the jury trial, but you wanted to enter a plea. You made this decision knowingly, intelligently and voluntarily, sir.
>
> [PETITIONER]: Yes.

The appeals court affirmed the trial court decision, finding no basis for relief. *Id.* at *5. Merely attaching a constitutional claim to a state law argument with no support is not sufficient to turn a non-cognizable state law claim into a cognizable federal claim. *See McMeans v. Brigano*, 228 F.3d 674, 680–81 (6th Cir. 2000), *cert. denied*, 121 S.Ct. 1487 (2001).

### *Ineffective Assistance*

Goodwin also alleges ineffective assistance of counsel (Doc. 1 at 6). A defendant who does not receive reasonably effective assistance can negate his decision to plead guilty. *McCarthy v. United States*, 394 U.S. 459 (1969). But Goodwin does not argue that counsel was ineffective at the time he entered his guilty plea; consequently, there is no relief available on this ground (Doc. 1 at 6–7). Goodwin only asserts he lacked effective assistance during his motion to withdraw (*id.*). Goodwin argues his counsel was ineffective for allowing the court and prosecutor to question him as to why he wanted to withdraw his guilty plea, and that "no reasonable attorney . . . would have allowed the trial court to [overstep its boundaries of impartiality and] advise" a defendant that his attorney "did a great job" (*id.* at 7).

The doctrine of exhaustion requires a petitioner to present all habeas corpus claims under the same theories presented in state court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Because Goodwin did not, and no longer can, bring this claim in state court, his argument is procedurally defaulted. *Adams v. Burton*, 2016 WL 6610219, at *2 (6th Cir. 2016). Only "if the petitioner can show cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider the claim would result in a 'fundamental miscarriage of justice'" is review granted. *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Goodwin offers no support for his claim this attorney failed or that such failure resulted in the trial judge acting prejudicially (Doc. 1 at 7). Further, there is no evidence that appointing new counsel for purposes of his motion to withdraw his plea would have resulted in a different outcome. *See Perry*, 2016 WL 8674485, at *15.

## CONCLUSION

Goodwin's claims are procedurally defaulted, non-cognizable, and would otherwise fail on the merits. For these reasons, this Court adopts the conclusions of the R&R (Doc. 9 at 10). The Petition (Doc. 1) is denied. There is no basis upon which to issue a certificate of appealability (Doc. 9 at 9–10). *See* 28 § 2253(c)(2). Further, an appeal from this Order could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U.S. DISTRICT JUDGE

April 19, 2022